BLYDENSTEIN et al. v. NEW YORK SECURITY & TRUST CO.

(Circuit Court, S. D. New York. December 30, 1893.)

COURTS—FEDERAL AND STATE—CONFLICTING JURISDICTION.

It is no defense to a suit brought in a federal court by an alien to recover money from a citizen that defendant, after the commencement of the suit, has been ordered by a state court, pursuant to a state statute, to hold the money to the credit of an action pending therein, as if it were paid into court; for the federal jurisdiction cannot be thus impaired.

At Law. Action by Benjamin W. Blydenstein and others against the New York Security & Trust Company to recover money. On demurrer to a defense set up in the answer. Demurrer sustained.

Antonio Knauth, for plaintiffs.
James Byrne, for defendant.

WHEELER, District Judge. This action was brought by the plaintiffs, citizens of Great Britain and Holland, in February, 1893, against the defendant, a corporation of the state of New York, to

recover $4,347.98 alleged to have been received by the defendant from the wrongful conversion of 38 bales of burlaps belonging to the plaintiffs.    For an additional affirmative defense the defendant sets up, without alleging upon what process or procedure, that—

"On or about the 11th day of April, 1893, an order was duly entered in an action then and now pending in the supreme court of the state of New York, a court of general jurisdiction, in which action the defendant herein was plaintiff, and Lipman & Co. and many others, including these plaintiffs, were defendants.    This order, among other things, directed that the defendant herein hold, as a separate fund, deposited to the credit of that action, as if the same had been paid into court, the proceeds of the sale of the 200 bales of burlaps above mentioned as having been sold.    Said order is still in force, and the defendant now holds said proceeds of the sale, including the sum for which the plaintiffs herein demand judgment, deposited with it to the credit of that action as if the same had been paid into court. The defendant herein is a corporation authorized by the laws of the state of New York to act, under an order of the supreme court of New York, as a depository of moneys paid into court."

To this defense the plaintiffs demur.

Section 743 of the Code of Civil Procedure of New York provides that "a party bringing money into court pursuant to the direction of the court is discharged thereby from all further liability to the extent of the money so paid in."    The defendant relies upon this order as constituting the payment, in effect, of the money into court, pursuant to the direction of the court, thereby amounting to a payment of the claim at common law, and to a discharge under this statute; and expressly waives reliance upon it as a judgment in favor of the plaintiffs merging their cause of action, or against them extinguishing it.    This proceeding is, in argument, likened to payment to some third party on request of the plaintiffs, which would be the same as payment to the plaintiffs; but they do not show, nor allege anything amounting to, any such request.    The proceeding appears to have been wholly in invitum, and to rest entirely upon the power of the court, and not upon any request or consent of the plaintiffs.    It in no wise amounts to a payment at common law.

When this suit was brought, this money, upon the allegations of the plaintiffs, which, for this purpose, must be taken to be true, was in the hands of the defendant, belonging to the plaintiffs.    It is, for the purpose of this suit, so now, unless the defendant could, as has been urged, in some way through the power of the state court, transfer the litigation from this court to that.    With reference to a similar argument, Mr. Justice Campbell, for the court, in Hyde v. Stone, 20 How. 175 said:

"But this court has repeatedly decided that the jurisdiction of the courts of the United States over controversies between citizens of different states cannot be impaired by the laws of the states which prescribe the modes of redress in their courts, or which regulate the distribution of their judicial power."

To the same effect appears to be Railroad Co. v. Gomila, 132 U. S. 478, 10 Sup. Ct. 155; and Cole v. Cunningham, 133 U. S. 107, 10 Sup. Ct. 269, which holds that the courts of a state may restrain its citizens from proceeding in the courts of another state, does not

appear to be to the contrary.    The rights of the plaintiffs as citizens of foreign countries in the courts of the United States are as extensive as those of citizens of the different states in those courts, and equally without the reach of the laws of the states.    24 Stat. 552;  25 Stat. 433.

Demurrer sustained.